Joaquín Alvarez, Petitioner, *v.* District Court of San Juan, Respondent.

No. 1219. Argued November 6, 1940.—Decided November 14, 1940.

*Edelmiro Martínez Rivera* for petitioner.  *Virgilio Brunet* for plaintiff in the main action.

Mr. Justice De Jesús delivered the opinion of the court.

Antonio R. Hernández, who claimed to be the owner of a certain urban property, leased an apartment thereof to Alfonso Castañer for a monthly rental of $28.75, and Joaquín Alvarez constituted himself a solidary surety on the obligation contracted by Castañer. The latter failed to pay rentals amounting to $163.20, and the action of unlawful detainer to which such default gave rise cost the lessor the sum of $7, whereupon the plaintiff brought the present action, in the Municipal Court of San Juan, to recover from the tenant and his surety the total sum which they owed, amounting to $170.20. The municipal court rendered judgment by default against the tenant Castañer, and dismissed the action as to his surety, Alvarez. Thereupon the plaintiff appealed to the district court, and filed the transcript of record in said

court on March 9, 1940. The 15th of the same month was the day set for the call of the general calendar, and the plaintiff-appellant, on March 14, filed a motion requesting not the inclusion of the case in the calendar which was to be called the next day, but the setting of the trial for the 21st of that month. From the record it does not appear whether the court entered any order upon appellant's motion, but it does appear that on the 5th of the following April the appellant filed another motion, praying that the case be included in the general calendar which was to be called on the 15th of that month, and the case was then set for trial on the 15th of the following May. At the trial on that day, the defendant-appellee Alvarez presented a motion to dismiss the appeal for failure to request the inclusion of the case in the calendar which was called on March 15, 1940. Said motion was dismissed and, the trial on the merits having been proceeded with, judgment was rendered in favor of the plaintiff-appellant Hernández.

As said judgment was not appealable, due to the amount involved, Alvarez instituted the present certiorari proceeding, based on the following grounds:

A. Because of the refusal to dismiss the appeal for failure to include the case in the calendar which was called on March 15, 1940; and

B. Because of the rendition of the judgment in favor of the plaintiff notwithstanding the fact that from the evidence it appeared that he was not the owner, but only manager, of the property leased, the petitioner citing the case of *J. Ochoa & Brother* v. *J. González Clemente & Co.*, 29 P.R.R. 948.

Let us examine separately the questions raised by the petitioner.

■■ As we have already stated, although the appellant failed to ask that the case be included in the calendar corresponding to March 15, he, however, prior to that time had requested to have the case set for March 21, that is, for a

date which in any event would have been earlier than that set for the trial, if the case had been included in the calendar, for according to the rules of the District Court of San Juan, the calendar which is called on the 15th of each month is that pertaining to the cases that are set for the following month. The appellee did not then take any step to have the appeal dismissed, and the appellant, on April 5, 1940, asked that the case be included in the next calendar which was to be called ten days afterward, and thereupon the case was set for the 15th of the following May, on which date the appellee moved for the first time that the appeal be dismissed.

The purpose of the legislator in inserting section 3(a) in the act which regulates appeals taken from judgments rendered by municipal courts, was none other than to bind the appellant to prosecute his appeal with due diligence, preventing in this manner an appellant who has no interest in the outcome of the appeal, from not requesting its inclusion in the calendar, thereby compelling the appellee to pay the fees of the appeal in order to proceed with the case. It is not the purpose of said legal provision to limit the right of appeal, but on the contrary, to speed it up, and although we accept that section 3(a) is of a mandatory nature, we hold nevertheless that the requirement that the case be included in the calendar is not one of jurisdictional nature, for which reason, and the appellant having substantially complied with the provisions of the statute, in paying the calendar fees and in asking that the case be set for March 21, the trial court did not err in refusing to dismiss the appeal.

The case of *Marrero* v. *Müller,* 35 P.R.R. 339, in which the appeal was dismissed on motion of the appellee after the case had been included in a calendar which was subsequent to the one first called following the presentation of the record in the district court, is distinguished from the instant case in that in the former the appellant had taken

no step in connection with the call of the first calendar; and in affirming the judgment whereby the appeal had been dismissed, this court said:

"He (the appellant) could have saved all question by requesting the secretary to include his case in the first call of the calendar, *or take some other appropriate step.*" (Italics ours.)

Turning now to the second question and conceding, without holding, that the same could be raised in a certiorari proceeding, the supposed error is really nonexistent.

When the appellant entered into his contract with the appellee, he did so in his capacity as owner of the property, and in the same capacity he brought his action. The appellee in his answer admitted that fact, and if from the evidence it subsequently appeared that the plaintiff-appellant was not such owner, but only a manager, this is a fact which does not avail the appellee, after he received the benefits under the contract. Any agreement or understanding that might exist between the plaintiff-appellant and the true owner of the property does not concern the appellee, who is bound to fulfill the obligation which he contracted in favor of the appellant. The case of *J. Ochoa & Brother* v. *J. González Clemente & Co., supra,* is distinct from the one at bar. There the firm of J. Ochoa & Hno., in its capacity as general agent of Morris & Co., contracted with González Clemente. Subsequently, when it was sought to enforce the obligation contracted by González Clemente, the action was not brought by the real party in interest, but by the agent J. Ochoa & Hno., thus violating section 51 of the Code of Civil Procedure, which provides that every action must be prosecuted in the name of the real party in interest. In the case at bar the obligation was contracted in favor of the plaintiff appellant, and therefore the latter is the party really interested in its enforcement.

For the reasons stated the writ issued must be discharged and the case remanded to the lower court for further proceedings.